UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

VIASYSTEMS TECHNOLOGIES
CORPORATION, LLC,

    Plaintiff,

v.                                              Case No. 10-C-0577

LANDSTAR RANGER INC,
JT&T INC, d/b/a INDUSTRIAL
CONSTRUCTION & ASSOCIATES,
and ABC GLOBAL, LLC,

    Defendants.

## DECISION AND ORDER ON DEFENDANTS' MOTION TO DISMISS

### I. PROCEDURAL BACKGROUND

On June 8, 2010, the plaintiff, Viasystems Technologies Corporation, LLC, the assignee for Viasystems-Milwaukee, Inc. ("Viasystems"), filed a complaint in the Milwaukee County Circuit Court against Landstar Ranger, Inc. ("Landstar"), J.T. & T., Inc. d/b/a Industrial Construction & Associates ("ICA"), and ABC Global, LLC ("ABC") (collectively referred to as "the defendants"), claiming damages resulting from transportation of a Finnpower punch press ("the Press"). Viasystems is seeking, among other things, actual damages in the amount of $600,000.00, i.e., the actual value of a replacement press.

On July 12, 2010, ABC, joined by Landstar and ICA, removed this action to the United States District Court for the Eastern District of Wisconsin, on the grounds that Viasystems' civil action presents a federal question. This court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1367. Removal was appropriate pursuant to 28 U.S.C. §§ 1441(b) and 1446. All parties have consented to magistrate judge jurisdiction. *See* 28 U.S.C. § 636(c); Fed. R. Civ. P. 73(b)(1).

Landstar's motion to dismiss Count One of the plaintiff's Complaint is now before the court pursuant to Fed. R. Civ. P. 12(b)(6). Both ABC and ICA have joined Landstar's motion to dismiss. Subsequently, Viasystems filed a response to Landstar's motion to dismiss, to which Landstar filed a reply, once again joined by ABC and ICA. This motion is now fully briefed and is ready for resolution. For the reasons that follow, the defendants' motion to dismiss will be granted in part and denied in part.

## II. FACTUAL BACKGROUND

Sometime before September 3, 2009, Viasystems contacted ICA to transport certain presses from Viasystems' facility in Oak Creek, Wisconsin to Viasystems' facilities located in El Paso, Texas and Ciudad Juarez, Mexico. (Compl. ¶ 8.) Pursuant to a purchase order, ICA agreed to load and transport the Press to El Paso, Texas, in exchange for a total sum of $8,500.00. (Compl. ¶ 9.) Viasystems alleges that ICA then contacted ABC to arrange and find another common carrier to transport the Press to El Paso. (Compl. ¶ 10.) Viasystems alleges that ABC then contacted Landstar to serve as the ultimate carrier of the Press, and Landstar agreed. (Compl. ¶¶ 11-12.)

On or about September 3, 2009, Viasystems tendered the Press to the defendants. (Compl. ¶ 13.) Thereafter, Landstar loaded the Press on its flatbed and secured the Press for shipment. (Compl. ¶ 16.) Viasystems claims that the Press was in good order and condition at this time. (Compl. ¶ 15.) According to Viasystems, instead of transporting the Press directly to Viasystems' El Paso facility, Landstar shipped the Press to Transmaritime Central Warehouse located in El Paso, Texas. (Compl. ¶ 18.) At this facility, Viasystems claims that without its permission or knowledge, Landstar unloaded the Press and loaded it onto a truck owned and operated by Padilla Transportes. (Compl. ¶ 19.) Viasystems alleges that, on September 8, 2009, Landstar failed to properly secure the

2

Press to the Padilla Transportes' truck, allowing the Press to fall off the truck and be irreparably damaged. (Compl. ¶ 21.)

### III. DISCUSSION

A motion pursuant to Fed. R. Civ. P. 12(b)(6) requires the court to decide whether the plaintiff's pleadings actually state a claim upon which relief can be granted. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citing *Twombly*, 550 U.S. at 556). The plausibility standard is not akin to the probability standard. *Id.* A plaintiff's complaint must contain enough "[f]actual allegations . . . to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. In other words, the plaintiff must "'nudge[] his claims' . . . 'across the line from conceivable to plausible.'" *Iqbal*, ___ U.S. ___, 129 S. Ct. at 1950-51.

"[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* at ___, 129 S. Ct. at 1950 (quoting Fed. R. Civ. P. 8(a)(2)). "[W]hen a complaint adequately states a claim, it may not be dismissed based on a district court's assessment that the plaintiff will fail to find evidentiary support for his allegations or prove his claim to the satisfaction of the factfinder." *Twombly*, 550 U.S. at 563 n.8. While the plaintiff must provide notice to defendants of his claims, factual allegations consisting of "abstract recitations of elements of a cause of action or conclusory legal statements" are inadequate. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Moreover, the court is not required to "ignore any facts set forth in the complaint that

undermine the plaintiff's claim or to assign any weight to unsupported conclusions of law." *Gray v. County of Dane*, 854 F.2d 179, 182 (7th Cir. 1988).

In its response to Landstar's motion to dismiss, Viasystems withdrew its punitive damages claim alleged in Paragraph 36 of the Complaint. (Pl.'s Resp. Br. at 5-6, 8-9.)[1] Therefore, the two remaining issues for this court to consider regarding Landstar's motion to dismiss Count One are (1) whether Viasystems may claim attorney's fees under 49 U.S.C. § 14704(e) and (2) the applicability of 49 C.F.R. pt. 370.

**A. Right to Attorney's Fees.**

Count One of Viasystems' Complaint is premised on 49 U.S.C. § 14706, the present codification of the Carmack Amendment. The Carmack Amendment, contained in the Interstate Commerce Act, governs "a motor carrier's liability to a shipper for the loss of, or damage to, an interstate shipment of goods." *North Am. Van Lines v. Pinkerton Sec. Sys.*, 89 F.3d 452, 453 (7th Cir. 1996). Prior to the enactment of the Carmack Amendment in 1906, "disparate schemes of carrier liability [] existed among the states, some of which allowed carriers to limit or disclaim liability, others that permitted full recovery." *REI Transp., Inc. v. C.H. Robinson Worldwide, Inc.*, 519 F.3d 693, 697 (7th Cir. 2008) (citing *Adams Express Co. v. Croninger*, 226 U.S. 491, 505 (1913)). Therefore, the Carmack Amendment was created to establish "'a nationally uniform rule of carrier liability concerning interstate shipments.'" *Id.* (quoting *North Am. Van Lines*, 89 F.3d at 454).

To ensure national uniformity, the "remedy provision of the Carmack Amendment preempts all state and common law remedies inconsistent with the Interstate Commerce Act . . . ." *Hughes v. United Van Lines, Inc.*, 829 F.2d 1407, 1415 (7th Cir. 1987). This remedy provision limits a carrier's

---

[1]Viasystems suggests that facts may surface that warrant punitive damages, thus reserving the opportunity to amend its claims. The court makes no ruling with respect thereto at this time.

4

liability to the "actual loss or injury to the property" damaged en route. *See* 49 U.S.C. § 14706(a)(1). While Count One of Viasystems' Complaint is premised on § 14706, Viasystems seeks "an award of reasonable attorneys' fees under 49 U.S.C.[] § 14704(e)." (Compl. ¶ 35.)

In its motion to dismiss Count One, Landstar correctly states that Viasystems' claim for attorney's fees under § 14704(e) is "misplaced." (Landstar's Mot. to Dismiss ¶ 11.) Section 14704(e) states the following: "The district court shall award a reasonable attorney's fee under *this* section." 49 U.S.C. § 14704(e) (emphasis added). Therefore, § 14704(e) allows for the recovery of attorney's fees where "a carrier or broker providing transportation or service subject to jurisdiction under chapter 135 [] does not obey an order of the Secretary [of Transportation] or the [Surface Transportation] Board . . . ." *See* 49 U.S.C. § 14704(a)(1). However, Viasystems' Complaint does not allege that the defendants violated 49 U.S.C. § 14704 or allege that the defendants "disobeyed an order of the Secretary or the Board." Instead, the plaintiff has alleged a cause of action pursuant to § 14706. Given its allegations, it is perplexing why Viasystems would claim attorney's fees under § 14704(e). The attorney's fees provision of § 14704(e) is applicable to only § 14704 and is in no way relevant to § 14706.[2] Accordingly, Viasystems is not entitled to attorney's fees pursuant to § 14704(e).

Notwithstanding the plain language of the statute, Viasystems contends that it is entitled to claim attorney's fees because Wisconsin law allows for their imposition. Specifically, Viasystems argues that because "attorneys' fees are available according to [Wisconsin] state law, they are likewise a proper remedy under the Carmack Amendment." (Pl.'s Resp. Br. at 6.) In support of its argument, Viasystems cites *A.T. Clayton & Co., Inc. v. Missouri-Kansas-Texas Railroad Co.*, 901 F.2d 833, 834-35 (10th Cir. 1990), a Tenth Circuit case allowing for the recovery of attorney's fees under a Carmack

---

[2]Interestingly, in its response brief, Viasystems does not advance any argument for the applicability of 49 U.S.C. § 14704, even though 49 U.S.C. § 14704(e) is the grounds on which Viasystems claims attorney's fees in its Complaint. (Compl. ¶ 35.)

5

Amendment claim. In finding that the Carmack Amendment did not preempt the Oklahoma statute, the Tenth Circuit explained that "[t]he Oklahoma statute simply provides an incidental compensatory allowance for the expense of employing an attorney." *Id.* at 835. The purpose of the Oklahoma statute, the court of appeals explained, is "not to provide an additional remedy, but rather to encourage small claims and promote settlement." *Id*.

Viasystems also points out that the Tenth Circuit's holding in *Clayton* relies, in part, upon the Supreme Court's holding in *Missouri, Kansas & Texas Railway Co. of Texas v. Harris,* 234 U.S. 412, 419-21 (1914), that a Texas attorney's fee statute was not preempted by the Carmack Amendment. Similar to the court in *Clayton*, the Court in *Harris* determined that a Texas statute providing for the recovery of "moderate" attorney's fees for "internal [state] policy" reasons, was not "inconsistent with the provisions of the Commerce Act and its amendments." *Id.* at 421.

However, Viasystems does not cite a Wisconsin statute comparable to the Oklahoma or Texas statutes providing for the recovery of attorney's fees in *Clayton* and *Harris*. Rather, Viasystems contends that it is entitled to such recovery because "Wisconsin law authorizes an award of attorney's fees in situations where there is bad faith in denying claims – as occurred in the instant situation." (Pl.'s Resp. Br. at 6.) In support of its argument, Viasystems cites *DeChant v. Monarch Life Ins. Co.,* 200 Wis. 2d 559, 569-71, 547 N.W.2d 592, 595-96 (Wis. 1996), in which the Wisconsin Supreme Court allowed for the recovery of attorney's fees in a "tort of first-party bad faith" action.

The court in *DeChant* recognized that "in the absence of statutory authority or a contractual provision to the contrary, Wisconsin courts have strictly adhered to the American Rule." *Id.* at 571, 547 N.W.2d 592, 596. "Under the well-established American Rule, parties to litigation are generally responsible for their own attorney's fees unless recovery is expressly allowed by either contract or statute, or when recovery results from third-party litigation." *Id.* However, the court determined that

6

"[a]n insurer has a special 'fiduciary' relationship to its insured which derives from the great disparity in bargaining positions of the parties." *Id.* at 570, 547 N.W.2d 592, 596 (citing *Anderson v. Continental Ins. Co.*, 85 Wis. 2d 675, 688, 271 N.W.2d 368 (Wis. 1978)). Because of this special relationship, the court in *DeChant* determined that a narrow exception to the American Rule is necessary because the "tort of bad faith was created to protect the insured," and "[i]ts primary purpose is to redress all economic harm proximately caused by an insurer's bad faith." *Id.* Therefore, the court "conclude[d] that when an insurer acts in bad faith by denying benefits, it is liable to the insured in tort for any damages which are the proximate result of that conduct." *Id.* at 571, 547 N.W.2d 592, 596.

While the court in *DeChant* created a limited exception to the American Rule for attorney's fees in insurance bad faith cases, it provides no support for the recovery of attorney's fees in the present case. Landstar is not an insurance company. As such, the special fiduciary relationship found in *DeChant* is not present in this case. Furthermore, Viasystems' Complaint does not allege bad faith by the defendants or the denial of insurance benefits in a tort of first-party bad faith action as was found in *DeChant*.

It is worth noting, the Seventh Circuit has determined that the Carmack Amendment does not preempt state law claims that "allege liability on a ground that is separate and distinct from the loss of, or the damage to, the goods that were shipped." *Gordon v. United Van Lines*, 130 F.3d 282, 289 (7th Cir. 1997). The *Gordon* court reasoned that federal common law may not be used to create remedies, such as punitive damages, not authorized in Carmack's comprehensive legislative scheme. *See id.* at 286. However, this once again proves troublesome for Viasystems because its Complaint does not claim attorneys fees on a ground that is separate and distinct from the Carmack Amendment claim contained in Count One.

7

In sum, Viasystems does not allege that the defendants violated an order of the Secretary of Transportation or the Surface Transportation Board as is required for the recovery of attorney's fees pursuant to 49 U.S.C. § 14704(e), the grounds upon which Viasystems' Complaint seeks attorney's fees. Therefore, Viasystems' Complaint does not state a claim upon which relief can be granted under 49 U.S.C. § 14704. Similarly, Viasystems' claim for attorney's fees under Wisconsin state law is fatally flawed. First, Viasystems does not allege in its Complaint that it is entitled to attorney's fees pursuant to Wisconsin state law. Second, while the Wisconsin Supreme Court created a narrow exception to the American Rule regarding attorney's fees in *DeChant*, *DeChant* provides no support for the recovery of attorney's fees in this case.

Based on the foregoing, Viasystems does not state a claim upon which relief in the form of attorney's fees can be granted. Its claim for such fees will therefore be dismissed.

**B.      Private right of action under 49 C.F.R. pt. 370**.

In its Complaint, Viasystems alleges that the defendants violated the federal claim regulations at 49 C.F.R. pt. 370. (Compl. ¶¶ 29, 34, 35.) Landstar moves to dismiss Count One of the Complaint because the "[p]laintiff's claim is premised upon 49 CFR 370," and "49 CFR 370 contains no language which allows a private cause of action for the alleged violation of this regulation." (Landstar's Mot. to Dismiss ¶ 14.) Viasystems opposes the defendants' motion, arguing that the regulations "merely supplement the statute and provide the framework of when and how claims for damages are processed, imposing specific requirements on carriers." (Pl.'s Resp. at 7-8.) Because the regulations "supplement the carriers' obligations under the Carmack Amendment," Viasystems contends, "they can be used to support a claim under the Carmack Amendment." (Pl.'s Resp. at 8.)

I agree with Viasystems. In Count One of its Complaint, Viasystems alleges a cause of action pursuant to 49 U.S.C. § 14706, which expressly provides that "[a] civil action under this section may

8

be brought in a United States district court or in a State court." *See* 49 U.S.C. § 14706(d)(3). The corresponding regulations, i.e., 49 C.F.R. pt. 370, merely implement the Carmack Amendment. Particularly, these regulations govern the processing of claims for loss and damage to property being transported in interstate commerce by a motor carrier. 49 C.F.R. § 370.1. While the enabling regulations may provide context to the plaintiff's allegations, its "claim remains grounded in the text of the Carmack Amendment." (Pl.'s Resp. Br. at 8.) Because Viasystems adequately states a claim under § 14706 (even though it cites to the statutory enabling regulations), the defendants' motion to dismiss Count One of the Complaint on the grounds that 49 C.F.R. pt. 370 does not allow for a private cause of action will be denied.

In conclusion, this court is not persuaded that the outright dismissal of Count One of Viasystems' Complaint is appropriate. Accordingly, Landstar's motion to dismiss, joined by ABC and ICA, will be granted with regards to the claim for punitive damages and for attorney's fees pursuant to 49 U.S.C. § 14704(e), as alleged in Paragraph 35 of the Complaint. The defendants' motion to dismiss Count One insofar as it alleges violations of 49 C.F.R. pt. 370 will be denied.

**NOW THEREFORE IT IS ORDERED** that the defendants' motion to dismiss Count One of the Complaint be and hereby is **GRANTED** in part and **DENIED** in part. The defendants' motion to dismiss Count One insofar as the claim within does not permit recovery of attorney's fees or punitive damages be and hereby is **GRANTED**. The defendants' motion to dismiss Count One insofar as it alleges violations of 49 C.F.R. pt. 370 be and hereby is **DENIED**.

**SO ORDERED** this 14th day of December 2010 at Milwaukee, Wisconsin.

BY THE COURT:

s/ William E. Callahan, Jr.
WILLIAM E. CALLAHAN, JR.
United States Magistrate Judge